SCHOTT, Judge.
This is a suit for $2,000 which plaintiff alleges is due him as rent for premises he leased to defendants. From a judgment dismissing his claim he has appealed.
The lease is for a term of 18 months commencing April 1,1976, and ending October 1,1977, for a monthly rental of $550 per month. After this recital it contains the usual stipulations with respect to the use of the premises, remedies available to the lessor in the event of a default, agreements with respect to the condition and repair of the premises, etc. After these provisions the lease contains the following:
“For and in consideration of FIVE HUNDRED FIFTY DOLLARS AND NO/100 ($550.00) cash in hand, ROY EDD BUCKNER is granted for a period of eighteen (18) months from April 1, 1976, and subject to the considerations herein set forth granted the exclusive right privilege or option to purchase for the price and sum of SEVENTY FIVE THOUSAND AND NO/100 ($75,000.00) cash, the following described property, to-wit:
******
“In the event ROY EDD BUCKNER, JR. desires to exercise the option herein granted he shall send a registered letter to JOHN W. YASICH, addressed to the latter. In such event the act of sale of the herein described property shall be passed before purchaser’s notary prior to October 1, 1977. If the act of sale is actually passed within said period, the $550.00 down payment referred to above well as the sum of ONE HUNDRED AND NO/100 dollars ($100.00) of each month’s rent as well as the sum of TWO THOUSAND AND NO/100 ($2,000.00) which is hereby agreed to be paid, in addition to the monthly rent, on October 1, 1976 shall be applied to the total purchase price of SEVENTY FIVE THOUSAND AND NO/100 ($75,000.00) and the balance thereof shall be paid in cash at the time of the passing of the act of sale. *CMLXXII In the event that the said option is not properly exercised by October 1, 1976, or the act of sale is not passed, because of any default by ROY EDD BUCKNER JR. prior to October 1, 1977 he shall have no right or claim whatsoever to said sums deposited with JOHN W. YASICH or any part thereof, which paid sum shall at the time become the property JOHN W. YA-SICH as liquidated damages, without demand or the necessity of putting ROY EDD BUCKNER JR. in default both which is hereby expressed waived.”
We see no ambiguity in these provisions. The defendants were granted an option for $550 over and above the rental payments which was exercisable with a payment of $2,000 by October 1, 1976. If defendants exercised the option by the payment of the $2,000 they had until October 1, 1977, in which to take title. If they took title the sale price of $75,000 would be subject to the initial $550 plus the $2,000 plus $100 per month of the $550 monthly rent. If the option was not exercised by October 1 the defendants would forfeit the initial $550, and if they exercised the option by paying the $2,000 but failed to take title by October 1, 1977, they would likewise forfeit the $2,000. The case would be easy to decide were it not for the fact that on October 4, 1976, plaintiff and defendants met and signed the following agreement:
“Oct. 4, 1976
This to certify that Mrs. Bessie Buckner has requested that I John W. Yasich release her of her lease purchase agreement of 322 Silver Oak Lane; I have agreed with her consent to put the above property of 322 Silver Oak Lane up for sale, and hereby agree to release her of the lease purchase if and when the property is sold. It is agreed that Mrs. Buckner be given a 30 day notice of the sale of property. Mr. Buckner was to make a $2,000.00 payment of the existing agreement on Oct. 1, 1976. I John Yasich giving her an extension of the following: $1,000.00 to be paid on Nov. 1, 1976 together with lease rent of $550.00 and $1,000.00 be paid on Dec. 1, 1976 together with the lease rent of $550.00. On sale of property Mrs. Buckner will be released of her lease purchase obligation and her damage deposit be refunded.
/s/John W. Yasich
Mrs. Bessie Buckner — Roy Edd Buckner, Jr.”
Plaintiff contends that this agreement constituted a waiver to defendants of any right to exercise the option but at the same time an acknowledgment that they owed $2,000, implying that this $2,000 was a part of the rent rather than an element of the option agreement. Plaintiff testified that he originally wanted to lease the premises for $750 per month and the $2,000 was a balloon payment to recapture the difference between that amount and the $550 per month which defendants were paying.
We have concluded that the rights of the parties under the lease and option agreement were already fixed on October 4,1976. Defendants had failed to exercise the option and did not owe the $2,000 but had forfeited the $550 they initially paid for the option. Since they were not getting an extension of their right to exercise the option by the arrangement for the payment of the $2,000 in November and December they received no consideration for this agreement to pay, and accordingly they were not legally liable to plaintiff for this amount.
The judgment appealed from is affirmed.
AFFIRMED.